In re **HECHINGER INVESTMENT COMPANY OF DELAWARE, INC., et al.,**[1] **Debtors.**

**Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession, Plaintiff,**

v.

**Porter–Cable Corporation, Defendant.**

Bankruptcy No. 99–02261 PJW.
Adversary No. 01–2877.

United States Bankruptcy Court, D. Delaware.

Aug. 26, 2003.

---

1. Hechinger Investment Company of Delaware, Inc., BSQ Acquisition, Inc., BSQ Transferee Corp., BucksProp Holding Company, Centers Holdings, Inc., Hechinger Company, Hechinger Finance, Inc., Hechinger Financial Holdings Company, Hechinger Property Company, Hechinger International, Inc., Hechinger Property Company, Hechinger Royalty Company, Hechinger Stores Company, Hechinger Stores East Coast Company, Hechinger Towers Company, HIDS, Inc., HProp, Inc., HQ Mid–Atlantic, LLC, HQ Partners, L.P., HQ Southwest, LLC, ManProp Holding Company, Pennsy, Inc. PhilProp Holding Company, RemProp, Inc., are collectively referred to as the "Debtors."

Richard S. Cobb, Kathleen P. Makowski, Klett Rooney Lieber & Schorling, P.A., Wilmington, DE, Joseph M. Coleman, Robert J. Taylor, Kane, Russell, Coleman & Logan, P.C., Dallas, TX, for Porter–Cable Corporation.

John T. Carroll, III, Cozen O'Connor, Wilmington, DE, Gregory S. Abrams, Molly T. Shields, ASK Financial, Tarzana, CA, Co–Counsel for Plaintiff, Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

Before the Court are defendant Porter–Cable Corporation's ("Porter–Cable") motion (Doc. # 6) to dismiss the complaint (the "Dismissal Motion") and plaintiff Hechinger Liquidation Trust's ("Hechinger") motion (Doc. # 19) for leave to enlarge time to serve a summons and complaint (the "Enlargement Motion"). For the reasons set forth below, the Dismissal Motion will be denied and the Enlargement Motion will be granted, subject to Hechinger effecting proper service within 20 days.

## BACKGROUND

Hechinger filed a voluntary Chapter 11 petition in this Court on June 11, 1999. On June 5, 2001 Hechinger filed its complaint against Porter–Cable seeking the avoidance and recovery of allegedly preferential transfers pursuant to §§ 547 and 550 of the Bankruptcy Code.[2] A summons was issued on June 27, 2001 but was never served. On August 14, 2001 Hechinger filed its First Amended Complaint (the "Amended Complaint").

In its Chapter case, on September 26, 2001 Hechinger filed an Emergency Motion Pursuant to Bankruptcy Rule 9006(b) for Enlargement of Time to Complete Service Process in Avoidance Actions.[3] The emergency motion was granted on October 4, 2001, one day prior to the expiration of the 120–day service period of Rule 4(m) of the Federal Rules of Civil Procedure (the "Federal Rules"). The service period was extended by an additional 70 days.[4] Thus, the service period did not expire until December 12, 2001.

A summons was issued with respect to the Amended Complaint on November 2, 2001. On December 10, 2001 that summons and a copy of the Amended Complaint were sent by both regular and certified mail, return receipt requested, to "John H. Garlock, President, Porter–Cable Corporation, 70 Stonehenge Drive, Jack-

---

**2.** The Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*, is hereinafter referred to as "§ ___."

**3.** In connection with its Chapter case, Hechinger filed almost 1800 preference actions.

**4.** Rule 4 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

son, Tennessee, 38305." The certified letter was signed for by Susan Garlock on January 5, 2002. Porter–Cable's Dismissal Motion was filed on February 25, 2002.

## DISCUSSION

### I. The Dismissal Motion

Porter–Cable seeks dismissal of the Amended Complaint based on its assertion that Hechinger failed to effectuate proper service in accordance with Bankruptcy Rule 7004. Bankruptcy Rule 7004(b)(3) provides as follows for service upon a corporation:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Federal Rule of Bankruptcy Procedure 7004(b)(3).

John Garlock ("Garlock") apparently terminated his employment with Porter–Cable in July 2000, approximately 18 months prior to Hechinger's attempt to effect service. Thus, Porter–Cable argues that service was ineffective as Garlock was not an officer, managing or general agent, or any other agent authorized by appointment or by law to accept service for Porter–Cable.

In response, Hechinger asserts that in order to initiate this adversary proceeding, it performed a corporate record search of the Illinois Secretary of State's ("Secretary") records on the Lexis online document service. The result of that search (the "Lexis Record") indicated that Garlock was the president of Porter–Cable.

The address to which the summons and Amended Complaint were sent is the same address that was listed for Garlock with the Secretary. Hechinger also notes that Susan Garlock signed the certified mail return receipt despite the fact that the address clearly indicated that the mailing was to Garlock in his capacity as president of Porter–Cable. Hechinger therefore asserts that as it served the person Porter–Cable identified in its filing with the Secretary as its president at the address contained in that filing, service was proper. To the extent that the information contained in those records was outdated, Hechinger contends it was Porter–Cable's responsibility to ensure its filing with the Secretary was current. Thus, Hechinger argues that it did all it reasonably could have been expected to do to properly serve Porter–Cable and, as a result, its service of Garlock should not be deemed invalid.

■ I find that Hechinger did not do all it could reasonably have done to properly serve Porter–Cable. At the outset, it must be noted that the Lexis Record clearly states in all capital letters at the top of the page that "THIS DATA IS FOR INFORMATION PURPOSES ONLY. CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE OFFICE OF ILLINOIS SECRETARY OF STATE." As such, the Lexis Record is not an official record. The Lexis Record also clearly indicates that Porter–Cable's status as a foreign corporation authorized to conduct business had been withdrawn as of January 14, 2000. The Lexis Record further indicates that no annual report was filed in 2000 and no taxes were paid in that year. Significantly, the Lexis Record contains the name and address of a registered agent, in this case the CT Corporation System. It is only at the end of the Lexis Record that the president's name and address is listed. On the line immediately

below the president's name and address, the Lexis Record indicates that the name of the secretary of the corporation had been withdrawn, also as of January 14, 2000.

I take no position with respect to the general question of whether reliance on a Lexis online corporate record, which states that it is unofficial, is reasonable. Here, however, it was not reasonable because the record clearly indicated that Porter–Cable's authority to transact business in Illinois had been withdrawn almost two years prior. There was therefore no rational basis for Hechinger's assumption that the information contained in the record, even if originally accurate, was current.[5] In fact, had Hechinger contacted the Secretary's office, it would have been referred to Porter–Cable's withdrawal application which listed an address at which it could be served with process.

It is undisputed that, despite Hechinger's inadequate service, Porter–Cable clearly had actual knowledge of the instant preference action shortly after service was attempted. A copy of the summons and Amended Complaint was received by Garlock on January 5, 2002. Porter–Cable's Dismissal Motion was filed on February 25, 2002, less than two months later. Thus, Garlock clearly delivered the summons and Amended Complaint to an appropriate person at Porter–Cable. Counsel was then engaged to defend this action shortly thereafter.

The deficiency of service here is technical. Though service of Garlock was defective, knowledge that Porter–Cable was a defendant in a preference action was quickly passed on to the appropriate persons at Porter–Cable and Porter–Cable retained counsel to defend the action. "Rule

4 [providing for service of process] is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir.1984). Additionally, technical defects "do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan v. Society Expeditions, Inc.,* 39 F.3d 1398, 1404 (9th Cir.1994). Porter–Cable clearly received sufficient notice of the complaint to enable it to take actions necessary to defend itself and it has not shown any significant prejudice resulting from the defective service.

To the extent Porter–Cable claims any prejudice resulting from the passage of time, I note that its Supplemental Brief in Support of Defendant's Motion to Dismiss First Amended Complaint to Avoid and Recover Transfers of Property (Doc. # 14) was untimely filed on January 24, 2003, over ten months after Hechinger's Answering Brief/Opposition to Defendant's Motion to Dismiss (Doc. # 7). Additional briefing in this adversary proceeding includes Plaintiff's Objection to Supplemental Brief (Doc. # 18) (February 3, 2003), the Enlargement Motion (February 28, 2003), Defendant's Objection to Plaintiff's Motion for Leave to Enlarge Time to Serve Summons and Complaint (Doc. # 20) (March 12, 2003), and Plaintiff's Reply to Defendant's Objection to Motion for Leave to Enlarge Time to Serve Summons and Complaint Upon Defendant (Doc. # 22) (March 19, 2003). Porter–Cable's Notice of Completion of Briefing (Doc. # 16) was filed on January 29, 2003. This Court's docket is sufficiently crowded to have precluded consideration of this matter in a more timely manner. Nevertheless, once Porter–Cable became aware

---

**5.** It should also be noted that as the accuracy of the Lexis Record was dubious at best, Hechinger could additionally have served the registered agent identified therein.

that it was a defendant in this routine preference action and retained counsel, which was no later than mid-February 2002, it should have located and retained the documents potentially necessary for its defense. As Porter–Cable had actual knowledge of this action, if it destroyed documents necessary for its defense, it cannot now be heard to complain about its inability to defend itself, especially as it waited over ten months to file its supplemental brief and notice of completion of briefing. Under the circumstances here, I conclude that the Dismissal Motion should be denied.

## II. The Enlargement Motion

 Federal Rule 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Hechinger argues that it has shown good cause for its failure to timely serve Porter–Cable and that, as a result, I am required to extend the time for service. The Third Circuit has equated "good cause" with the "excusable neglect" standard of Federal Rule 6(b)(2). *See MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir.1995). Thus, Hechinger must demonstrate that it acted in good faith and that its actions were reasonable. *See id.* As discussed above, however, Hechinger's reliance on the Lexis Record and its failure to follow the trail left with the Secretary was not reasonable. Hechinger has therefore failed to demonstrate good cause for its failure to timely serve Porter–Cable properly.

 As good cause does not exist I am not required to extend time. However, it is within the Court's discretion to decide whether to dismiss the case without prejudice or to extend the time for service. *See Petrucelli v. Bohringer & Ratzinger, GmbH,* 46 F.3d 1298, 1306 (3d Cir.1995). In this case a dismissal without prejudice would effectively constitute a dismissal with prejudice as the statute of limitations has run. The running of the statute of limitations does not require the extension of time to serve; however, it is a factor for a court to consider in determining whether a discretionary extension of time is warranted. *See id.*

 I believe that the facts of this case warrant an extension of time, rather than dismissal, for two reasons. First, the statute of limitations for preference action in this case has run. As a general principle "courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits." *Titus v. Mercedes Benz of North America,* 695 F.2d 746, 749 (3d Cir.1982). *See also Maniar v. Capital Bank of California,* 1993 WL 515880 at *8, n. 4 (N.D.Cal. Dec. 6, 1993)("Moreover, it is beyond question that adjudication on the merits is preferred to technical dismissal.").

Second, Hechinger's opposition to Porter–Cable's Dismissal Motion was filed on March 21, 2002, less than one month after the Dismissal Motion was filed. Rather than either file a reply brief or a notice of completion of briefing at that time, Porter–Cable did nothing. It took no action until filing its supplemental brief over ten months later and then filed its notice of completion of briefing just five days after that. As mentioned above, this Court's

overburdened docket further delayed consideration of this matter until the present time. However, had the Dismissal Motion come before the Court in the Spring of 2002, based on the fact that Porter–Cable had received actual knowledge of this action shortly after service was attempted and had actively undertaken a defense, I would have denied the Dismissal Motion and ordered Hechinger to perfect service within 20 days. It is not Hechinger's fault that this matter was not adjudicated at that time or that such adjudication has been delayed until the present date. Therefore, I will grant the Enlargement Motion and direct that Hechinger properly serve Porter–Cable within 20 days from the date of this Memorandum Opinion. If Hechinger fails to properly effect service on Porter–Cable within that 20–day period, the Amended Complaint will be dismissed.